**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
**Plaintiff Below, Respondent**

**vs.)   No. 20-0528** (Harrison County 18-F-240-3)

**Brandon Daniel Wilson,**
**Defendant Below, Petitioner**

# MEMORANDUM DECISION

Self-represented petitioner Brandon Daniel Wilson appeals the June 5, 2020, order of the Circuit Court of Harrison County denying his motions for a new trial pursuant to Rule 33 of the West Virginia Rules of Criminal Procedure. Respondent State of West Virginia, by counsel Holly M. Flanigan, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in the Circuit Court of Harrison County on one count of soliciting a minor via a computer pursuant to West Virginia Code § 61-3C-14b(b) by committing:

an overt act designed to bring himself into the physical presence of [a] minor, or the person believe[d] to be a minor, with the intent to commit an illegal act proscribed by [West Virginia Code § 61-8B-5] or [West Virginia Code § 61-8B-9] and engage in any sexual activity or conduct with such minor that is prohibited by law, but [petitioner] failed to solicit, entice, seduce or lure a minor as the person [petitioner] believed to be a minor was . . . an adult male law enforcement officer with the Bridgeport Police Department[.]

1

Petitioner and the State entered into a plea agreement, in which petitioner agreed to plead guilty to the lesser included felony offense of soliciting a minor via a computer pursuant to West Virginia Code § 61-3C-14b(a). The parties further agreed that petitioner would register as a sex offender and that sentencing was "left in the sole discretion of the [circuit court]."

At the plea hearing, the circuit court engaged in a colloquy with petitioner about his proposed guilty plea. The circuit court questioned petitioner as to his background and use of "controlled substances, prescription drugs, over[-]the[-]counter medications, synthetic drugs, or alcohol within the past forty-eight hours [before the plea hearing], . . . to all of which [petitioner] answered satisfactorily to the [c]ourt." The circuit court further "inquired as to whether . . . [petitioner] was fully satisfied with the services of [trial] counsel, to which [petitioner] answered in the affirmative." The circuit court further interrogated petitioner about the constitutional rights he would be giving up by pleading guilty, including "the right to move to suppress illegally obtained evidence and illegally obtained confessions[,] . . . the right to challenge in the trial [c]ourt and on appeal all pretrial and trial proceedings, to all of which [petitioner] replied in the affirmative and indicated that he desired to voluntarily give up and waived . . . [his] constitutional rights." Finally, the circuit court asked petitioner if he knew that the penalty for the lesser included felony offense of soliciting a minor via a computer pursuant to West Virginia Code § 61-3C-14b(a) was "an indeterminate sentence of not less than two (2) nor more than ten (10) years [of incarceration], . . . to all of which [petitioner] answered in the affirmative."

Thereafter, petitioner, petitioner's trial counsel, and counsel for the State executed the written plea agreement in "open [c]ourt"; petitioner further executed a written plea of guilty in "open [c]ourt." Accordingly, the circuit court found as follows:

> Whereupon, following questions propounded by the [c]ourt to [petitioner] and responses thereto by [petitioner] and his counsel, the [c]ourt did **FIND** that [petitioner] freely and voluntarily entered his guilty plea with advice and consultation of competent counsel, and after being fully advised of his constitutional rights and [petitioner] understood those rights, and has knowingly and voluntarily waived his rights and with the knowledge of the consequences of his plea of guilty, including the penalty that may be imposed. The [c]ourt did further **FIND** that [petitioner] was competent to enter his pleas and he was effectively represented by competent counsel and fully advised of his rights.

The circuit court held its acceptance of petitioner's guilty plea in abeyance and ordered that the presentence investigation report "shall include a physical, mental[,] and psychiatric study and diagnosis[.]"

At a March 15, 2019, hearing, the circuit court ordered that the presentence investigation report and the assessment report be "made a part of the record" and found that petitioner "knew what he was doing when admitting his guilt, and knowingly and intelligently voluntarily waiv[ing] his rights." Accordingly, the circuit court accepted petitioner's "plea of guilty to the felony offense of [s]oliciting a [m]inor [v]ia [a] [c]omputer, a violation of West Virginia Code § 61-3C-14b(a), that being a lesser included felony offense contained in the [i]ndictment in this case" and

adjudicated petitioner convicted of the lesser included felony offense. Thereafter, the circuit court sentenced petitioner to two to ten years of incarceration for soliciting a minor via a computer pursuant to West Virginia Code § 61-3C-14b(a). The circuit court entered its order accepting petitioner's guilty plea and sentencing him on April 10, 2019.

Subsequent to the circuit court's April 10, 2019, order, trial counsel filed a motion to withdraw from the case, and petitioner requested to proceed as a self-represented litigant. The circuit court granted both trial counsel's motion and petitioner's request. On March 20, 2020, petitioner filed two motions pursuant to Rule 33 of the West Virginia Rules of Criminal Procedure, which provides, in pertinent part:

> The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice. . . . A motion for a new trial based on the ground of newly discovered evidence may be made only after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within ten days after verdict or finding of guilty or within such further time as the court may fix during the ten-day period.

Each of petitioner's motions is confusing and difficult to follow. For example, while petitioner states on appeal that he alleged that the investigating officer testified falsely in his second Rule 33 motion, the second motion refers to the first Rule 33 motion as the motion raising the allegation of false testimony. We find that, in addition to raising a false testimony claim, petitioner's first Rule 33 motion raised a purported violation of Rule 6 of the Rules of Criminal Procedure which governs grand jury procedure even though according to petitioner's own exhibit—the indictment—it was "[f]ound upon [a witness's] testimony" presented before the grand jury. We further find that, in petitioner's second Rule 33 motion, he alleged evidence tampering by the State, a failure to advise him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and ineffective assistance of trial counsel.

By order entered on June 5, 2020, the circuit court denied petitioner's Rule 33 motions as time-barred, finding that the March 20, 2020, motions were not within ten days of the entry of the April 10, 2019, order accepting his guilty plea. The circuit court further found that petitioner's motions were without merit, determining that petitioner "knowingly, voluntarily[,] and intelligently entered a plea of guilty to the lessor included offense of [s]oliciting a [m]inor [v]ia [a] computer [pursuant to West Virginia Code § 61-3C-14b(a)]" and "there is no basis in law or fact to now grant the [Rule 33 motions]."[1]

Petitioner now appeals the circuit court's June 5, 2020, order denying his Rule 33 motions for a new trial. We review the circuit court's order under the following standard:

---

[1]In its June 6, 2020, order, the circuit court also denied a July 15, 2019, motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure, the denial of which petitioner does not challenge on appeal.

" ' "Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence." Syl. pt. 4, *Sanders v. Georgia-Pacific Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976).' Syllabus point 1, *Andrews v. Reynolds Memorial Hospital, Inc.*, 201 W.Va. 624, 499 S.E.2d 846 (1997)." Syl. Pt. 1, *Lively v. Rufus*, 207 W.Va. 436, 533 S.E.2d 662 (2000).

Syl. Pt. 2, *State v. Blevins*, 231 W. Va. 135, 744 S.E.2d 245 (2013).

On appeal, petitioner raises issues not set forth in his Rule 33 motions: (1) non-disclosure of exculpatory evidence; (2) non-disclosure of the grand jury transcript; (3) failure to promptly present petitioner before a magistrate; and (4) involuntary guilty plea. The State argues that this Court should decline to review these issues as they were not presented to the circuit court. We agree with the State.

Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that petitioner's "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." "To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). "'One of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result' in the imposition of a procedural bar to an appeal of that issue." *State v. Miller*, 194 W. Va. 3, 17, 459 S.E.2d 114, 128 (1995); *see also State v. J.S.*, 233 W. Va. 198, 207, 757 S.E.2d 622, 631 (2014) (finding that "[t]he failure to timely raise the issue below has resulted in waiver of the matter in this appeal"). Here, pursuant to Rule 10(c)(7), we find that the only issues before us are those raised in petitioner's Rule 33 motions, which were a false testimony claim, a purported violation of Rule 6 of the Rules of Criminal Procedure, an evidence tampering claim, an alleged failure to advise petitioner of his *Miranda* rights, and an ineffective assistance of trial counsel claim.

Newly discovered evidence was not one of the issues raised in petitioner's Rule 33 motions; Rule 33 provides, in pertinent part, that "[a] motion for a new trial based on any other grounds shall be made within ten days after verdict or finding of guilty or within such further time as the court may fix during the ten-day period." Here, petitioner does not allege—and the circuit court did not find—that the court extended the ten-day period for filing motions for a new trial. Rather, based on our review of the record, we find that the circuit court properly found that petitioner failed to file his Rule 33 motions until March 20, 2020, over *eleven* months after his April 10, 2019, conviction. Therefore, we conclude that the circuit court did not err in denying petitioner's Rule 33 motions as time-barred. Due to our finding that the circuit court properly

denied petitioner's Rule 33 motions as time-barred, we find that there is no need to review its ruling that the motions also lacked merit.[2]

For the foregoing reasons, we affirm the circuit court's June 6, 2020, order denying petitioner's motions for a new trial pursuant to Rule 33 of the West Virginia Rules of Criminal Procedure.

Affirmed.

**ISSUED**: August 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[2]We note, as does the State, issues such as ineffective assistance of trial counsel are appropriately raised in a post-conviction habeas corpus proceeding rather than in a criminal appeal due to the need to provide "[t]his Court . . . a fully developed record . . . upon which to more thoroughly review an ineffective assistance of counsel claim." Syl. Pt. 10, *State v. Triplett*, 187 W. Va. 760, 421 S.E.2d 511 (1992); *see also Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981) (finding that certain issues such as ineffective assistance of trial counsel must be litigated in a collateral proceeding).